## City Improvement Co. *v.* Pittsburgh, Appellant.

*Road law—Widening street—Location of street—Ordinances.*

Where a city street forty feet wide connects with an alley twenty feet wide, and the two constitute a continuous opened, existing and travelled public thoroughfare, the city has no power by locating and relocating ordinances to locate what purports to be a new street sixty feet wide, but which in fact merely widens the existing street and alley. If the city thinks it proper to widen the street and alley it must do so in the manner provided by the statutes relating to the widening of streets. Hawkins v. Pittsburgh, 220 Pa. 7, followed.

Argued Nov. 3, 1911. Appeal, No. 236, Oct. T., 1911, by defendant from decree of C. P. No. 3, Allegheny Co., Feb. T., 1911, No. 496, on bill in equity in case of City Improvement Co. v. City of Pittsburgh. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Bill in equity for an injunction. Before EVANS, J.

The facts are stated in the opinion of the Supreme Court.

The court entered the following decree:

And now, to wit, this 23rd day of September, 1911, this cause came on to be further heard, at this term, and was argued by counsel, and upon consideration thereof, it is ordered, adjudged and decreed as follows:

1. That the ordinance of the City of Pittsburgh entitled, "An Ordinance locating Hamilton Avenue, from Frankstown Avenue to Fifth Avenue," approved July 7, 1891, a copy of which is attached to the Bill of Complaint, is ultra vires, void and of no effect.

2. That the ordinance of the City of Pittsburgh entitled, "An Ordinance relocating Hamilton Avenue, from a point 229.60 feet Westwardly from Lambert Street to Penn Avenue," approved July 1st, 1903, a copy of which is attached to the bill of complaint, is ultra vires, void and of no effect.

3. That the said ordinances of July 7, 1891, locating Hamilton Avenue, and of July 1st, 1903, relocating Hamilton Avenue, create a cloud upon the plaintiff's title to the premises described in the Bill of Complaint, and that the same be removed therefrom.

4. That the proper authorities of the City of Pittsburgh note upon the ordinance books, and upon the pages containing said ordinances of July 7th, 1891, and July 1, 1903, and upon the indices and records referring thereto, and upon the maps and plans of said city, referring thereto, the words, "Cancelled by the decree of the Court of Common Pleas No. 3 of Allegheny County, Pennsylvania, at No. 496 February Term, 1911."

5. That the defendant pay the costs of this proceeding.

*Error assigned* was the decree of the court quoting it.

*C. Elmer Bown,* with him *C. A. O'Brien* and *C. K. Robinson,* for appellant.

*A. M. Thompson* of *Gray, Thompson & Rose,* with him *Gordon & Smith,* for appellee.

OPINION BY MR. JUSTICE MESTREZAT, January 2, 1912:

The facts of this case are not in dispute, and have been found and stated by the learned court below.

In 1891 the City of Pittsburgh enacted an ordinance locating Hamilton Avenue from Frankstown Avenue to Fifth Avenue.

The street thus located began at a point on Fifth Avenue directly opposite the end of a street called Hamilton Avenue, then opened on the ground and used by the public. The street provided for by the ordinance extended in substantially the same direction for a distance of 2800 feet. In this distance, as stated in the appellant's history of the case, it passes through six plans of lots, crosses ten existing streets or alleys, and embraces within its limits two streets and an alley already opened and used in certain plans, involving the widening of one of these streets and the alley. The length of the street and alley is about 825 feet. In 1895 an ordinance was passed authorizing the opening and widening of Hamilton Avenue from Fifth Avenue to Frankstown Avenue. Viewers were appointed to assess the damages and benefits but before the completion of the proceedings the city repealed the ordinance. In 1903 an ordinance was passed relocating Hamilton Avenue from a point a short distance east of its intersection with Berlin street to Penn avenue, thus making the latter and not Frankstown avenue the western terminus of Hamilton avenue. This change or relocation of the street increased its length about 800 feet. The relocation of the street crosses the plaintiff's property. In February, 1905, an ordinance was passed authorizing the opening and widening of Hamilton avenue from Fifth avenue to Penn avenue in accordance with the locating and relocating ordinances. Again viewers were appointed to assess the damages and ben-

efits, but before the proceedings were concluded, the city, in November, 1905, enacted an ordinance repealing the opening and widening ordinance. The city has enacted no further legislation affecting Hamilton avenue.

The street as relocated passes through the plaintiff company's property, and it has filed this bill praying. for a decree that the locating and relocating ordinances create a cloud upon the plaintiff's title to the premises described in the bill of complaint, and that said ordinances are ultra vires, void and of no effect. The prayer of the bill was granted by the court below and the city has taken this appeal.

The learned chancellor, in disposing of the case, held that it was ruled by Hawkins v. Pittsburgh, 220 Pa. 7. In that case it was held, as stated in the syllabus, that an ordinance of the City of Pittsburgh purporting to relocate an established alley, but having in fact the effect of widening the alley, is invalid; and that the city has no power to relocate a street, and if it intends to widen a street it must pursue the course prescribed by the statute. The learned counsel for the appellant strenuously contend that there is a radical distinction between this and the Hawkins case. In the latter case, the city attempted to widen Virgin alley which was about 500 feet long and had been opened and used for many years, and the appellant contends that it differs from the present case in that "the contemplated improvement related solely to Virgin alley, and was not undertaken in connection with the widening or locating of any other thoroughfare, and the relocating ordinance was a manifest attempt on the part of the city to widen the street and to postpone its liability for the damage occasioned thereby." It is true, as suggested by the appellant, that the improvement was confined to Virgin alley and did not extend to any other thoroughfare, but the ordinance was not declared void upon that ground, but for the reason that its purpose and effect was to widen Virgin alley which could not be done by a

proceeding to relocate it; and that if the city desired to widen one of its streets it must do so in a proper proceeding instituted for the purpose. It is said in the opinion (p. 13): "Its council cannot escape the provisions of the statute or ignore the course of procedure directed by the statute by simply declaring in the ordinance a purpose other than the facts disclosed. The facts must determine what method the city shall pursue to accomplish its purpose, and those facts requiring it to proceed in the manner provided in certain legislation, the provisions of the legislation will determine the course of procedure."

The proceeding in the case in hand was to locate Hamilton avenue and relocate the western end of it. The ordinances dealt with the subject as a new street and as though the avenue was located on ground not occupied by other streets or alleys. They ignored the conceded fact that within the lines of the avenue as located there were an existing public street and a public alley. The street and the alley connect and are about seven or eight hundred feet in length. The street is 40 feet wide and the alley 20 feet. The ordinances provide that Hamilton avenue shall be located 60 feet wide, thereby widening the street 10 feet and the alley 40 feet. The avenue was located twenty years ago, and many years prior to and during that time the street and the alley within its limits were opened, existing and travelled public thoroughfares. The facts of this case bring it clearly within Hawkins v. Pittsburgh, supra, and the learned court below was right in declaring the locating and relocating ordinances void.

We are not inclined to disagree with the learned counsel for appellant as to what the law should be in such cases. It may be, as they suggest, that it would be better to permit such improvements to be made as a whole and not piece-meal; but it must be remembered that the authority of a city over its streets comes from the legislature, and that when it undertakes an im-

provement of this character it must be able to point to the necessary statutory power authorizing it. The legislature, as yet, has not thought proper to permit a city to widen its streets by a proceeding instituted for the purpose of locating or relocating them, and it is not the function of the court to supply what the legislative branch of the government has withheld. If, therefore, the city desires to exercise the power which it invokes in the present case, it must obtain it from the legislature.

The locating or relocating ordinances must be construed as one ordinance to locate Hamilton avenue from Fifth avenue to Penn avenue. The two ordinances locate but a single avenue between the termini, and that avenue passes over the plaintiff's premises. In the subsequent ordinances for opening and widening the avenue, the city has treated the two locating ordinances as one proceeding to establish one street. The relocating ordinance was in effect an amendment of the original ordinance to the extent of changing a part of the original route of the street. It simply superseded the original ordinance in the location of the western end of the avenue. The two ordinances must be read together as locating a single street. The plaintiff therefore, as a property owner through which the avenue was located, may attack the validity of either or both ordinances.

The important and controlling question in the case is determined by the decision in Hawkins v. Pittsburgh, supra, and further discussion is therefore unnecessary. The decree is affirmed.