# In re: Change of Grade and Grading, Paving and Curbing of South Beatty Street, Pittsburgh. Sborigi's Appeal.

*Municipalities.—Streets—Paving—Assessment—Width of street —Power to widen.*

A city street was originally dedicated by a property owner at a width of thirty feet. Subsequently the city sought to increase the width by an ordinance locating the street at a width of forty feet. This ordinance was held to be invalid as an attempt to widen an established street without proceeding in the manner required by the statutes. Sometime thereafter the city paved the street at the original width of thirty feet, as dedicated.

In a proceeding before the board of viewers to assess costs, damages and expenses, the board assessed the property of an abutting property owner for benefits. Exceptions were filed to the report of viewers, on the ground that the legal width of the street was forty feet, and that the city had no right to improve it at a width of thirty feet. *Held,* that the ordinance widening the street having been declared invalid, that the original width as dedicated was the legal width, and that the city acted within its authority, and had the right to have benefits of the improvement assessed against the abutting property owners.

*Evidence—Plan—Best evidence.*

In a proceeding before viewers involving the dedication of a street, the original plan is the best evidence and should be offered, instead of allowing the city engineer to testify as to the contents of the plan. But where the appellant has submitted a point founded on the testimony of the engineer and accepted his testimony as true, he cannot afterwards complain of the failure to offer the plan in evidence.

Argued April 27, 1920. Appeal, No. 2, April T., 1920, by Guido V. Sborigi, from the order and decree of C. P. Allegheny County, Oct. T., 1917, No. 1542, in re: Change of Grade and Grading, Paving and Curbing of South Beatty Street from Penn Avenue to Mignonette. Before PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Appeal from award of Board of Viewers. Before McFARLAND, J.

The facts are stated in the opinion of the Superior Court.

The Board of Viewers assessed benefits in the sum of $1,354.97. The appellant excepted to the award of the viewers, but the exceptions were overruled and the report of the Board of Viewers confirmed absolutely.

*Error assigned,* among others, was the order of the court dismissing exceptions.

*F. C. McGinn,* for appellant.

*H. M. Irons,* Assistant City Solicitor, and with him *Charles E. O'Brien,* for appellee.

OPINION BY PORTER, J., October 11, 1920:

The city having graded, paved and curbed South Beatty street, from Penn avenue to Mignonette street, a distance of one square, in pursuance of a duly enacted ordinance, viewers were appointed by the court below to assess the cost, damages and expenses of the improvement, in accordance with the acts of assembly regulating the same. The viewers assessed the property of the appellant for benefits, to which assessment he filed exceptions in the court below. The court, after a hearing, dismissed the exceptions and confirmed the report of the viewers, from which action we have this appeal.

The city improved the street as of a width of thirty feet, the cartway being eighteen feet between curbs, and six feet on each side being allowed for sidewalks, in pursuance of a general ordinance of councils, regulating the respective widths of cartway and sidewalk. The appellant complains that the legal width of the street was forty feet and asserts that the city had no right to improve it as of a width of thirty feet. There is no doubt that the thirty feet in width which the city improved

was within the limits of the highway. The municipal authorities are, by the statutes, vested with a wide discretion as to the manner in which a street shall be improved, and there might be good ground for holding that a city is not bound to pave and improve the full width of a street; that the street might be paved to the extent which traffic at the time required and the pavement subsequently widened to accommodate increased traffic. The extent to which the street is improved would, of course, have to be taken into consideration by the viewers in assessing damages and benefits. These are questions, however, which it is not necessary in this case to discuss or decide. This appellant submitted a written request to the viewers to find the following fact, viz: "The City of Pittsburgh has undertaken in this proceeding to grade and pave Beatty street between Penn avenue and Mignonette street as a street of thirty feet in width. It will be remembered that the city engineer testified that the plan they were proceeding under was Barbara Negley's plan, recorded in 1867, which showed Beatty street at the width of thirty feet. The testimony also showed that in making the present improvement Beatty street was graded up to the line of Sborigi's property to a width of thirty feet, with an eighteen-foot roadway and a six-foot sidewalk on each side. The sidewalk in front of Sborigi's property is laid as of that width." The viewers found this fact as requested. The appellant now contends that the Barbara Negley plan was not offered in evidence before the viewers. It is true, the assistant city solicitor did blunder in not offering the Negley plan in evidence, and he has improperly included that plan in his paper-book submitted in this case. Instead of offering the plan in evidence he called as a witness the city engineer, the custodian of all plans, and that officer was permitted to testify as to what was disclosed by the several plans referring to this street. He testified that the Barbara Negley plan, of August 20, 1867, showed Beatty street, between Penn avenue

and Mignonette street, to be of the width of thirty feet.
This was not the best evidence, as to the width of the
street shown by that plan, but it was admitted without
objection on behalf of the appellant, and the witness
was cross-examined by his counsel. The appellant hav-
ing accepted the testimony of the city engineer as true
and having, by his written request to the viewers, pro-
cured the finding of the fact above quoted, it does not
now lie in his mouth to complain that the Negley plan
was not formally offered in evidence. The learned
judge of the court below well said, in his opinion, "The
report could be resubmitted for a finding by the viewers
as to the history of the Negley plan, but it is unnecessary
in view of the fact that the viewers made their findings
at the request of the exceptant." The city engineer did
testify that the street had been opened of the width of
thirty feet before this improvement was made, and, after
reciting certain ordinances that had been passed by the
city in the meantime, distinctly said: "Yes, it was left
as originally laid out in the Negley plan......a street
of thirty feet in width." This evidence was competent,
for the plan would not show whether the street had been
actually opened upon the ground. We thus have, from
the finding of fact procured by the request of the ap-
pellant and the testimony of the engineer as to the street
having been opened as originally laid out by Barbara
Negley, the facts that Barbara Negley dedicated the
street and that the street had been opened upon the
ground thus dedicated.

The appellant contends, however, that even if the plan
of Barbara Negley did call for Beatty street as thirty
feet wide and it was opened as of that width, yet certain
ordinances of the City of Pittsburgh have increased the
width of the street to forty feet. On March 1, 1886, the
city did pass an ordinance approving of a plan locating
certain streets, among them Beatty street, which plan
indicated the street to be of the width of forty feet.
The city was without authority to thus widen a street,

by an ordinance purporting to locate it as of a width greater than that which had been established by Barbara Negley's plan, almost twenty years earlier: Hawkins v. Pittsburgh, 220 Pa. 7; City Improvement Co. v. Pittsburgh, 234 Pa. 486. The ordinance was, for that reason, invalid. The ordinance was invalid, also, for the reason that in thus attempting to widen the street it did not show from which side the property was to be taken, in order to accomplish that result. The appellant contends, however, that the city, by an ordinance of July 22, 1889, ordained the opening of Beatty street, as located by the ordinance of March, 1886. This ordinance was also invalid, for it was an attempt to widen an established street, without proceeding in the manner required by the statutes, and for the further reason that, if the street was to be widened, it did not indicate what property was to be taken in order to effect that result. The evidence discloses that nothing was ever done under that ordinance, it was abandoned. The reason for this probably was that the ordinance, by its terms, provided that the proceedings should be conducted in accordance with the provisions of the Act of May 16, 1889, P. L. 228, which was decided by the Supreme Court to be unconstitutional: Wyoming St., Pittsburgh, 137 Pa. 496; Pittsburgh's Petition, 138 Pa. 401. The matter there rested until March 15, 1899, when the city passed an ordinance directing that Beatty street from Baum to Penn avenue be opened and widened to a width of fifty feet. This ordinance if carried into effect would have widened Beatty street, between Mignonette street and Penn avenue and taken ten feet from the property of this appellant, on the westerly side of the street. The father and predecessor in title of this appellant filed a bill in equity at No. 74 August Term, 1908, of the Court of Common Pleas of Allegheny County, to restrain the city from widening the street under the ordinance last referred to, and praying that the court decree the said ordinance to be void. The city demurred to the bill and

the court overruled the demurrer and entered a decree declaring the ordinance to be invalid and restraining the city from proceeding to carry it into effect. This seems to have put an end to the efforts of the city to widen the street in any manner not authorized by law and when in March, 1917, the city ordained that the street should be paved, the work was done as of the width established by the plan of Barbara Negley. We find nothing in the ordinances of the city, passed subsequently to the dedication by Barbara Negley, which constituted a legal widening of the street. The street having been opened upon the ground dedicated by Barbara Negley, no formal ordinance accepting, in express terms, the dedication was required in order to constitute the street a public highway; the paving by the city was in itself a sufficient acceptance.

The judgment is affirmed.